## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MALISHA MANDEVILLE, in her capacity as next of kin to two pre-teen sons, : : : : Plaintiff, : : : v. : : OHIO CVS STORES, LLC, : c/o CT Corporation System : 4400 Easton Commons Way, Ste.125 : Columbus, OH 43219-6223, : : and : : DEBBIE DOE, : c/o CVS Store No. 6949 : 4801 W. Broad St. : Columbus, OH 43228-1601, : : Defendants. : | Civil Action No.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Demand Endorsed Hereon** |

## COMPLAINT

**I.   Preliminary Statement**

1.   This action seeks compensatory and punitive damages; declaratory, injunctive, and equitable relief; and attorneys' fees and costs and is brought by Plaintiff Malisha Mandeville on behalf of her two pre-teen sons because (a) Defendant Ohio CVS Stores, L.L.C. (CVS), which operates Store No. 6949 in Columbus, Ohio, through its store clerk, Debbie Doe, whose last name is currently unknown and who, acting within the scope of her employment, racially profiled the sons, confronting them, loudly and falsely accusing them of being shoplifters, and threatening to call the police unless they immediately left the store, proximately causing them fear, humiliation, frustration, anger, resentment, and emotional distress and thereby committing (i) racial

discrimination in violation of 42 U.S.C. §§ 1981; 1982; and the Ohio Laws Against Discrimination (OLAD), R.C. 4112.02(G); and/or (ii) intentional infliction of severe emotional distress in violation of the Ohio common law on; and/or (b) Defendant CVS has committed negligent retention or supervision.

**II.     Jurisdiction and Venue**

2.      Plaintiff brings her civil rights claims under the Reconstruction Civil Rights Act, 42 U.S.C. §§ 1981; 1982; 1983; her OLAD claim under R.C. 4112.99(A); and her tort claims under the common law of the State of Ohio.

3.      This Court has jurisdiction by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); and 1367 (supplemental jurisdiction).

4.      Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. §§ 2201; 2202; 42 U.S.C. § 1983; R.C. 4112.99(A); and the common law of the State of Ohio.

5.      Compensatory and punitive damages may be awarded under 42 U.S.C. § 1983, R.C. 4112.99(A), and the common law of the State of Ohio.

6.      Costs and attorneys' fees may be awarded pursuant to the 42 U.S.C. § 1988; Fed. R. Civ. P. 54; and the common law of the State of Ohio.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in Franklin County, Ohio, where Defendant CVS operates Store No. 6949, at 4801 W. Broad St., Columbus, Ohio, and Defendant Doe racially profiled and harassed Plaintiff's two pre-teen sons.

**III.    Parties**

8.      Plaintiff Malisha Mandeville is the adult mother and legal guardian of the two pre-teen sons who were falsely accused and harassed while at CVS Store No. 6949.

9. Defendant Ohio CVS Stores, LLC is licensed in the State of Ohio as a domestic limited liability company; is wholly owned and/or controlled by CVS Health Corporation, which is a leading diversified health solutions company with more than 9,900 retail locations serving an estimated 35 million people through traditional, voluntary, and consumer-directed health insurance products and related services. Defendant Debbie Doe is a store clerk employed by CVS at all times material to this action at CVS Store No. 6949, located at 4801 W. Broad St., Columbus, Ohio, a place of public accommodations as defined by R.C. 4112.01(A)(9). Upon information and belief, CVS has been aware for years that its employees have misidentified African-American individuals in their stores as other African-Americans suspected of shoplifting.

10. Defendant Debbie Doe, whose last name is currently unknown to Plaintiff but known to Defendant CVS, was working in CVS Store No. 6949 during the time Plaintiff's two pre-teen sons visited; confronted them, loudly and falsely accusing them of being shoplifters, and threatening to call the police unless they immediately left the store; did so within the actual scope of her employment or what she believed to be the scope of her employment as a store clerk to identify potential shoplifters and prevent shoplifting; is a light-skinned Caucasian; and then had scraggly shoulder length white hair, was wearing a red T-shirt, the name tag "Debbie," and jeans, and is pictured in a video, which fairly and accurately depicts her and was taken while the sons were leaving the store, recorded on a cellphone in good working order, retained without modifications, and is depicted in the below screenshots from the full video, which is accessible at: https://www.dropbox.com/scl/fi/xa9ke3uwg4x1e9zl8rcwr/IMG_0.MOV?rlkey=hee0dvgef8ssrw1b211qzjpkt&dl=0 (*video can be accessed by copying and pasting the link in a web browser*).





## IV.   Facts

11.   In the early evening of Sunday, November 5, 2023, Tanya Young, an adult, accompanied her two pre-teen male cousins, ages 10 and 11, and a young female cousin into CVS Store No. 6949.

12. Ms. Young, her two pre-teen male cousins, and her female cousin are all African American, dark-skinned, and immediately recognizable as members of a racial minority.

13. Ms. Young told the two pre-teen males that they could choose a single treat or snack and left them to select an item for purchase.

14. In their height, weight, physique, and overall appearance, both male cousins are also immediately recognizable as children.

15. Neither male cousin had ever been in CVS Store No. 6949.

16. Plaintiff Mandeville had only recently moved with them to the area.

17. A few moments after sending the male cousins to select their treats or snacks, Ms. Young and her minor female cousin, who were in a different aisle, clearly heard a female voice exclaiming words to the effect of, "You guys need to leave! Get out of the store! You need to leave right now or I'm going to call the police!"

18. Ms. Young and her minor female cousin heard continued shouting and observed the male cousins enter the aisle they were in, walking towards them with the female staff employee right behind the boys.

19. Ms. Young saw that her cousins were scared, shaken, and confused.

20. Ms. Young identified the female as a CVS employee with the name badge, Debbie.

21. Mr. Young asked what was going on, and Defendant Doe continued telling the male cousins to leave the store.

22. Defendant Doe explained that the cousins were in the store two weeks earlier and had taken something that didn't belong to them.

23. Defendant Doe said that Defendant CVS had pictures of the boys from the prior incident of a couple weeks earlier.

24. Plaintiff, through her counsel, emailed Mike Logue, the Manager of Store No. 6949, on November 6, 2023, requesting that Defendant CVS produce and preserve videos from both November 5, 2023, and the prior incident referenced by Defendant Doe.

25. Defendant CVS, through its claims management service, refused to produce the videos and other documents absent the commencement of litigation.

26. Upon information and belief, Defendant CVS had video equipment that recorded the events of November 5, 2023, the prior incident referenced by Defendant Doe, and other interactions of its employees with customers.

27. Upon information and belief, Defendant CVS had information and documents pertaining to Defendant Doe's past behavior and the way she and other employers responded to suspected shoplifters.

28. Defendant CVS has been on notice since November 6, 2023, of the potential for litigation arising from Defendant Doe's harassment of Plaintiff's two pre-teen sons.

29. Upon information and belief, Defendant CVS typically investigates allegations of improper behavior by its store clerks.

30. The scope of information and documents Plaintiff's attorney requested be produced and preserved included documents generated at part of such an investigation and the results of the investigation.

31. Upon information and belief, Defendant Doe has been criticized before November 5, 2023, for the way in which she has interacted with individuals shopping at Store No. 6949, including with individuals who are members of a racial or ethnic minority and are not light-skinned or perceived by her as Caucasian.

32. Upon information and belief, at no time prior to November 5, 2023, has Defendant CVS adequately counseled, disciplined, trained, and/or monitored Defendant Doe sufficiently to avoid her engaging in the kind of improper behavior she engaged in toward Plaintiff's two pre-teen sons.

33. Upon information and belief, Defendant CVS trains its store clerks in identifying suspected shoplifters, surveilling them in the store, videotaping their actions, observing whether they had taken and hidden any goods, and awaiting their checking out before physically confronting them.

34. Upon information and belief, Defendant CVS has written policies and procedures that it has shared with its employees on dealing with suspected shoplifters.

35. Defendant Doe did not follow the written policies and procedures of CVS on dealing with suspected shoplifters.

36. Defendant CVS knew that its employees routinely did not follow its written policies and procedures of CVS on dealing with suspected shoplifters.

37. Defendant CVS knew that Defendant Doe and other employees regularly confronted suspected shoplifters in the aisles and ordered them to leave by threatening to call the police.

38. Thwarting shoplifting was a high priority for Defendant CVS, and employees were evaluated on how well they served that priority.

39. Ms. Young, who was furious with Defendant Doe for confronting her two male cousins, loudly and falsely accusing them of being shoplifters, and threatening to call the police unless they immediately left the store, told the cousins to put back whatever they had selected for

purchase because they were not going to buy anything at the store due to the way they had been treated.

40. Defendant Doe's accusation that Plaintiff's two pre-teen sons were shoplifting or were shoplifters was completely false: apart from their race and skin color they did not resemble the shoplifters in the prior incident; they were not wearing loose overcoats and tops or carrying backpacks in which stolen goods could be hidden; they were not furtive in their movements; neither had tried to distract the attention of store clerks while the other shoplifted; and they had not approached the cashier.

41. Ms. Young asked Defendant Doe if she could see the video or pictures of the suspects in the prior incident, and Defendant Doe said that her boss had admitted that they were mistaken about Plaintiff's two pre-teen sons resembling those suspects.

42. Plaintiff's two pre-teen sons were not treated in the same way boys of a similar age, height, weight, physique, and overall appearance who were Caucasian or light-skinned would have been treated; instead, they were racially profiled.

43. Plaintiff's two pre-teen sons were denied the full enjoyment of CVS Store No. 6949 and left without the treats or snacks Ms. Young had promised to buy them.

44. Plaintiff's two pre-teen sons had been visiting Ms. Young's elderly grandmother before she picked them up to return them home to Plaintiff, had been perfectly behaved during that visit, and were being rewarded for their good behavior with the treat or snack.

45. Plaintiff's two pre-teen sons had suddenly gone from the happiness of their visit with Ms. Young's elderly grandmother and the expectation of a treat or snack to the despair of being racially profiled, falsely accused, threatened with the police, loudly and false accused of being shoplifters, and ordered to leave.

46. Just by looking at the age, height, weight, physique, and overall appearance of Plaintiff's two pre-teen sons and their conduct at the store, Defendant Doe must have known that they would be susceptible to her loud voice, threat of calling the police, and orders to leave the store, and she seized on that vulnerability to force them to leave.

47. Defendants intended to cause serious emotional distress or knew or should have known that their acts and omissions would do so.

48. Harassing perfectly innocent pre-teen children in the way Defendants did is extreme and outrageous in today's society, going beyond what is tolerable and decent in a civilized society and amounting to child abuse and neglect.

49. The injuries to Plaintiff's two pre-teen sons include exposing them, at their impressionable age, to the stigma of racism and inculcating hatred toward Caucasians.

50. Members of the public entering drugstores are not expected to endure such mistreatment.

51. At all times material to this action, Defendant Doe was acting in, or reasonably believed she was acting in, the interest of her employer, Defendant CVS.

52. Defendant CVS is vicariously liable for the acts or omissions of Defendant Doe and directly liable for its negligent supervision or retention of her.

53. Defendant CVS had a duty to the public, including Plaintiff's two pre-teen sons, to protect them from discrimination or tortious conduct by employees acting or perceiving themselves to be acting in its interests.

54. Harm to the public from discriminatory or tortious conduct by employees of Defendant CVS who acted or perceived themselves to be acting in its interests was completely foreseeable.

55. Even though Defendant CVS had actual or constructive knowledge that its employees would discriminate against and/or commit tortious conduct towards members of the public at its store, it failed to adequately counsel, discipline, train, and/or monitor Defendant Doe and, on information and belief, other employees on avoiding discriminatory or tortious conduct while performing their job duties at its store.

56. Plaintiff anticipates that her two pre-teen sons will seek treatment from a school counselor for the fear, humiliation, frustration, anger, resentment, and emotional distress they suffered as a proximate result of Defendants' harassment.

57. Defendants' actions and omissions were done in conscious disregard of the statutory and common law rights of Plaintiff's two pre-teen sons in a way that was highly probable to cause them substantial harm.

V.     **Causes of Action**

   A.     **First Claim: Discrimination**

58. Paragraphs 1 through 57 are realleged and incorporated herein.

59. By depriving Plaintiff's two pre-teen sons of benefits, privileges, terms, and conditions of its offering to sell goods to the public equal to those afforded to Caucasians through their markedly hostile and objectively discriminatory treatment of the sons, Defendants have violated 42 U.S.C. §§ 1981; 1982; 1983, and R.C. 4112.02(G).

   B.     **Second Claim: Intentional Infliction of Severe Emotional Distress**

60. Paragraphs 1 through 57 are realleged and incorporated herein.

61. By intentionally inflicting emotional distress on Plaintiff's two pre-teen sons, knowing that they were especially vulnerable and taking advantage of that vulnerability, Defendants have tortiously inflicted severe emotional distress.

    **C.**    <u>**Third Claim: Negligent Supervision and/or Retention**</u>

62.    Paragraphs 1 through 57 are realleged and incorporated herein.

63.    By failing to adequately counsel, discipline, train, and/or monitor Defendant Doe and other employees to prevent her and them from committing discrimination or tortious conduct against members of the public who use its store even though it knew and/or suspected the propensity she and other employees had in that regard, Defendant CVS has committed negligent supervision and/or retention.

**VI.**    <u>**Prayer for Relief**</u>

WHEREFORE, Plaintiff prays that this Court:

    a.    declare that, jointly or severally, Defendants CVS and Doe have discriminated against her two pre-teen sons and intentionally inflicted severe emotional distress on them;

    b.    declare that Defendant CVS have negligently supervised and/or retained Defendant Doe;

    c.    order such equitable relief as will make Plaintiff's two sons whole, including expungement of any documents accusing them of shoplifting and storage of videotapes or other evidence pertaining to this lawsuit in a confidential file held by counsel for Defendant CVS;

    d.    order more than $75,000 in compensatory and punitive damages;

    e.    award costs and attorneys' fees, and

    f.    order such other relief as the Court may deem appropriate.

    Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>Louis A. Jacobs (002101)<br>(LAJOhio@aol.com)<br>177 19th St., Apt. 9C<br>Oakland, CA 94612<br>(614) 203-1255<br>Fax (614) 463-9780 | By: /s/ *John S. Marshall*<br>John S. Marshall (0015160)*<br>Madeline J. Rettig (0098816)<br>**Marshall Forman & Schlein LLC**<br>250 Civic Center Drive, Suite 480<br>Columbus, Ohio 43215<br>Telephone:  614.463.9790<br>E-mail: jmarshall@marshallforman.com<br>            mrettig@marshallforman.com<br>Fax: 614.463.9780<br><br>*Lead Counsel for Plaintiff Mandeville*<br><br>**AND**<br><br>/s/ Jason E. Dawicke<br>Jason E. Dawicke (0073632)<br>**Dawicke Law, LLC**<br>PO Box 21354<br>Columbus, Ohio 43221<br>Telephone:  614.477.7301<br>E-mail: jdawicke@dawickelaw.com<br>Fax:  888.858.3063<br><br>*Co-Counsel for Plaintiff Mandeville* |

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

By:  /s/ *John S. Marshall*
John S. Marshall (0015160)